PROB12A1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## REPORT OF OFFENDER NON-COMPLIANCE

| | |
|---|---|
| **Offender Name:** | Darell Wayne LEE |
| **Docket Number:** | 1:02CR05034-01 |
| **Offender Address:** | Hemet, California |
| **Judicial Officer:** | Honorable Oliver W. Wanger<br>United States District Judge<br>Fresno, California |
| **Original Sentence Date:** | 05/20/1992 |
| **Original Offense:** | 18 USC 2113(a) - Bank Robbery<br>(CLASS C FELONY) |
| **Original Sentence:** | 30 months custody of the Bureau of Prisons to be served consecutively to the term of incarceration imposed in Docket Number 90-628 (1:02CR05015-01); 3-year term of supervised release to run concurrent to the term of supervised release imposed in Docket Number 90-628 (1:02CR05015-01); $50 special assessment; $1,000 fine; $1,678.00 restitution. |
| **Special Conditions:** | The defendant shall comply with the rules and regulations of the United States Probation Office and General Order 318; The defendant shall participate in drug treatment and urine testing, as instructed by the probation officer; The defendant shall pay any fine and restitution which remains unpaid at the commencement of supervision, as directed by the probation officer. |
| **Type of Supervision:** | Supervised release |
| **Supervision Commenced:** | 03/05/2001 (original release date)<br>01/06/2004 (release date after revocation) |

**RE:    Darell Wayne LEE**
**       Docket Number:   1:02CR05034-01**
**       REPORT OF OFFENDER NON-COMPLIANCE**

| | | | |
|---|---|---|---|
| **Assistant U.S. Attorney:** | Laurel Montoya | **Telephone:** | (559) 498-7272 |
| **Defense Attorney:** | Victor Chavez | **Telephone:** | (559) 487-5561 |

**Other Court Action:**

**08/09/2001:**   Court in the Northern District of California advised the offender had violated conditions of supervision by drinking alcohol. Court followed probation officer's recommendation to take no formal action against offender. Offender directed to participate in Alcoholics Anonymous meetings, as directed by the probation officer.

**01/31/2002:**   Transfer of Jurisdiction from the Central District of California to the Eastern District of California.

**02/20/2002:**   Superseding Form 12C Petition filed with the Court (to include Docket Number 1:02CR05015-01) alleging violations of supervised release. Warrant issued by the Court.

**05/19/2003:**   Offender arrested on outstanding warrant.

**05/23/2003:**   Offender admits the allegations in the Superseding Form 12C Petition filed with the Court on February 20, 2002. Disposition set for June 18, 2003, before the Honorable Oliver W. Wanger.

**06/18/2003:**   Court finds the offender in violation of the conditions of supervised release as alleged in the Superseding Form 12C Petition filed with the Court on February 20, 2002. Supervised release previously imposed on May, 20, 1992, for a period of 36 months was ordered revoked and the offender committed to the custody of the Bureau of Prisons for a term of eight months, to run concurrent to Docket Number 1:02CR05015-01. Defendant shall pay the previously imposed special assessment of $50, due immediately. Defendant shall

**RE:**   **Darell Wayne LEE**
       **Docket Number:   1:02CR05034-01**
       **REPORT OF OFFENDER NON-COMPLIANCE**

>           pay the previously imposed fine of $1,000 and restitution in the amount of $1,678 to Provident Savings Bank.  Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 24 months with the following special conditions: Submit to search; Participate in a correctional treatment program (inpatient or outpatient) to obtain assistance for drug or alcohol abuse; Participate in a program of testing; Participate in a co-payment plan for treatment and testing of $5.00 per month.

## NON-COMPLIANCE SUMMARY

The purpose of this report is to advise the Court of an alleged violation of the terms of supervision.  The Probation Officer has developed a plan to dispose of the alleged non-compliance with action less than revocation, and the Court is requested to approve the plan to address the non-compliance.

**1.   FAILURE TO PAY RESTITUTION PRIOR TO EXPIRATION OF SUPERVISION**

**Details of alleged non-compliance:**  The offender, as part of his sentence, was ordered to pay a fine in the amount of $1,000 and restitution in the amount of $1,678.00, as well as a special assessment of $50.00.  Mr. Lee paid his special assessment obligation on July 1, 2004.  He has an unpaid restitution balance of $528.00, and an unpaid fine balance of $1,000.00.  Mr. Lee's term of supervised release is due to terminate on January 5, 2006, and he will not have paid the full amount of restitution prior to termination.  It should be noted, Mr. Lee also paid restitution, in full, in the amount of $3,190.53, in Docket Number 1:02CR05015-01.  Supervision in that matter was revoked on June 18, 2003.

**United States Probation Officer Plan/Justification:**  Since Mr. Lee last appeared before the Court in 2003, he has paid a total of $1,150.00 toward his restitution obligation and has paid off his special assessment.  He has maintained regular full-time employment while on

**RE:    Darell Wayne LEE**
**Docket Number:   1:02CR05034-01**
**REPORT OF OFFENDER NON-COMPLIANCE**

this officer's caseload since July 2004, and has made regular monthly restitution payments of $100. The offender's financial situation has made it difficult for him to pay more than the monthly minimum of $100 per month.

Pursuant to 18 USC 3664 (m)(1)(B), the victim, with an abstract of the original Judgment, may register that Judgment in accordance with the rules and requirements relating to judgments of the court in the state where the district court is located which allows the victim to continue to collect restitution in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that state. This allows the victim to have a civil judgment entered to collect restitution from the offender after the term of supervision has terminated.

The probation officer believes Mr. Lee has paid restitution to the best of his ability, and recommends his term of supervised release be allowed to terminate normally on January 5, 2006, without taking any further Court action. The offender continues to maintain regular full-time employment and should be able to continue making regular monthly payments of $100 per month after the termination of his supervision. The probation officer will contact the victim in this matter and provide a copy of the original Judgment so they may continue to collect the balance of the restitution owed through civil means. The probation officer will also notify the Financial Litigation Unit (FLU) of the United States Attorney's Office of this action to help facilitate further collections of this restitution obligation.

Respectfully submitted,

/s/ Sandra K. Dash

**SANDRA K. DASH**
**United States Probation Officer**
Telephone:  (209) 549-2817

**DATED:**     December 14, 2005
              Modesto, California
              SKD:lr

RE:     Darell Wayne LEE
        Docket Number:   1:02CR05034-01
        **REPORT OF OFFENDER NON-COMPLIANCE**


**REVIEWED BY:**    /s/ Deborah A. Spencer
                    **DEBORAH A. SPENCER**
                    **Supervising United States Probation Officer**


**THE COURT ORDERS:**

( x )   The Court Approves Probation Officer's Plan, and Orders No Further Action Be Taken At This Time.

(   )   Submit a Request for Modifying the Conditions or Term of Supervision.

(   )   Submit a Request for Warrant or Summons.

(   )   Other:

| | |
|---|---|
| December 15, 2005 | /s/ OLIVER W. WANGER |
| **Date** | **Signature of Judicial Officer** |

cc:   United States Probation
      Laurel Montoya, Assistant United States Attorney
      Victor Chavez, Assistant Federal Defender
      United States Attorney's Office - Financial Litigation Unit
      United States District Clerk - Financial Division

Attachment:  Presentence Report   (Sacramento only)